FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 99 OCT 29 PM 2: 50
JASPER DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MARION COUNTY 911 BOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   CV 99-J-2190-J |
| | ) | |
| GTE SOUTH INCORPORATED, and | ) | |
| GTE COMMUNICATIONS SYSTEMS | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
OCT 29 1999

## MEMORANDUM OPINION

This cause comes before this Court on Plaintiff's motion to remand (doc. 5).

### I. Relevant Facts

Plaintiff is seeking a judicial declaration of the Board's rights and obligations under Ala. Code § 11-98-1(4). Complaint ¶ 5. Specifically, Plaintiff contests Defendants' interpretation of the term "lines" as used in that statute. Complaint ¶ 6. Under Alabama law, Plaintiff is authorized to charge for its emergency telephone service. *See* Ala. Code 11-98-5(a)(1), (c) (1975). The service supplier, in this case the Defendant, is required by law to collect this service charge and remit it to the district. Ala. Code 11-98-5(c) and (e) (1975). Defendant has interpreted the term "lines" as used in the statute to mean actual physical carriers of the telephone numbers used at a particular location. Complaint ¶ 6. Plaintiff contends the term "lines" is to be construed so as to mean actual

1

7

telephone numbers used at a particular location. *Id.* Plaintiff alleges it has recognized lost revenue as a result of these differing interpretations.

This declaratory action was originally filed in the Circuit Court of Marion County, Alabama. Defendants removed the case to this Court on August 20, 1999 (doc. 1). This Court sua sponte ordered Defendants to show cause as to why this case should not be remanded (doc. 3), to which Defendant filed a brief in support of removal (doc. 4). Plaintiff subsequently filed a motion to remand (doc. 5), in which it maintains the value of the litigation is below $75,000 exclusive of interest and costs. Accordingly, Plaintiff moves to remand the case back to state court as this Court is without jurisdiction under 28 U.S.C. § 1332.

There are no controversies in this case arising under the laws or Constitution of the United States. 28 U.S.C. § 1331. There is no dispute that the parties are completely diverse as required by 28 U.S.C. § 1332 and *Strawbridge v. Curtiss,* 7 U.S. 267 (1806).[1] Thus, the question of whether this Court has jurisdiction to hear this case turns on whether the value of the controversy in this lawsuit exceeds $75,000, the jurisdictional

---

[1] For purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Alabama. Ala. Code § 11-98-2; Notice of Removal ¶ 9. Defendant GTE South Incorporated is incorporated in the State of Virginia with its principal place of business in South Carolina. Notice of Removal ¶ 10. Defendant GTE Communications System Corporation is a Delaware corporation with its principal place of business in Texas. Notice of Removal ¶ 11. For purposes of diversity jurisdiction, Defendants are residents of Virginia, South Carolina, Delaware and Texas. *See* 28 U.S.C. § 1331(c)(1). As Plaintiff's residency is diverse from all Defendants, complete diversity necessary for the jurisdiction of this Court exists.

2

amount for diversity jurisdiction under 28 U.S.C. § 1332.

The original complaint in this action did not claim monetary damages in the ad damnum clause. In fact, paragraph nine of the complaint explicitly stated the amount in controversy did not exceed $75,000 exclusive of interests and costs. No mention of attorneys' fees was made in the original complaint. Nonetheless, Defendants argue that the claims could be worth more than $75,000. Specifically, Defendants maintain Plaintiff's prayer for relief is illusory and that, through aggregation of the value of the injunctive relief and monetary damages,[2] the value of the litigation exceeds $75,000 exclusive of interests and costs.

## II. Discussion

The concept of the limited jurisdiction of the federal judiciary is deeply embedded in American jurisprudence. *See Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 108-109; 61 S.Ct. 868, 872 (1941). To invoke the jurisdiction of this Court, the party asserting jurisdiction must overcome the presumption that the cause of action lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) (citations omitted). Here, Defendants exercise their right of removal pursuant to 28 U.S.C. § 1441, invoking the courts jurisdiction under 28 U.S.C. § 1332.

---

[2] At oral arguments, counsel for the defense conceded declaratory relief can not be aggregated with other available relief.

3

Under 28 U.S.C. § 1332, federal jurisdiction exists when the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. Where, as here, a plaintiff specifically claims damages less than this jurisdictional amount, the defendant has the burden of proving to a legal certainty that the plaintiff's claim must exceed $75,000. *See Burns v. Windsor Insurance Co.,* 31 F.3d 1092,1096 (11th Cir. 1994). To satisfy this burden, defendant must show that, if the plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000].

Defendants in the case at bar have attempted to carry this burden by arguing the aggregation of the value of the injunctive and legal relief must exceed $75,000 exclusive of interests and costs. In support of its argument, Defendants offer the affidavit of Roger Merchant to establish the approximate amount of decreased surcharges Plaintiff has and will recognize. Notice of Removal, Exh. B at ¶ 16. However, this Court is of the opinion the offered value is irrelevant as the equation used to reach said value does not address the issue of the litigation. The method used for computation was based on a comparison between the method of calculating service fees that was used prior to November 1997 and the flat fee rate currently being used. The litigation however, is based on the interpretations of the term "line" and therefore the more appropriate equation would seem to be one that uses the flat fee rate as the constant and the different interpretations of the term "line" as the variable. Moreover, even if the equation was correct, Defendants fail to

4

recognize Plaintiff has stated repeatedly it seeks only declaratory relief. Therefore, the amount asserted by the Defendant as the value of the money damages and injunctive relief is irrelevant for purposes of determining the jurisdictional amount.

When seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elec. Inc.,* 120 F. 3d 216, 218 (11th Cir. 1997)(*citing Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 345, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977)). Such value is measured from the plaintiff's viewpoint. *Id.* In the case at bar, the Plaintiff clearly states the value of the declaratory relief is less than $75,000. Defendants have failed to offer proof, to a legal certainty, that this amount is outside the range of permissible awards. Consequently, the face of Plaintiff's complaint prevails and this Court is without jurisdiction under 28 U.S.C. § 1332.

### III. Conclusion

Plaintiff's complaint requests only declaration of Plaintiff's rights and obligations and specifically waives any claim for damages over $75,000. The Eleventh Circuit has been clear. [P]laintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. "We will not assume -- unless given reason to do so -- that [P]laintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns* at 1095. In order for the Defendant to

5

properly remove this action to federal court, it must show that, "if plaintiff[s] prevail[] on liability, an award below the jurisdictional amount would be outside the range of permissible awards." *Id.* at 1096. Defendant has failed to meet this stiff burden.

For the forgoing reasons, this court **FINDS** that the above-entitled action was improvidently removed and that this court is without jurisdiction.

It is therefore **ORDERED** that plaintiff's motion to remand (doc. 5) be and hereby is **GRANTED** consistent with the separate order this day entered.

**DONE** and **ORDERED** this the 29 day of October, 1999.

Inge P. Johnson
United States District Judge